IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:13-1038-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DALTON L. SMITH | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018[1] and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 130). The defendant does not rely upon any medical condition or the ongoing COVID-19 pandemic as the basis for his release. Rather, he contends that changes in sentencing law, as well as his post-rehabilitation conduct, support an extraordinary and compelling reason for consideration of his release.

The government has responded in opposition, arguing that the defendant has not shown an extraordinary and compelling reason for release. The defendant did not reply to the government's response.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied.

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

1

STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals are to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

>receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)." As a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

3

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously in this order and as set out in *McCoy*, because there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

*Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

The government has not raised exhaustion as an affirmative defense in this case. However, the defendant attests in his motion that he submitted a request for compassionate release to the Warden on March 14, 2022, and he did not receive a response within the 30-day time frame. Thus, the court will proceed to review the matter on the merits.

## DISCUSSION

*Procedural History*

The defendant was the sole defendant named in a 12-Count Indictment filed in this District in December 2013. Counts 1, 4, 7 and 10 charged the defendant with possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Counts 3, 6, 9, and 12 charged the defendant with using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Counts 2, 5, 8, and 11 charged the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

The government filed an Information (ECF No. 43) pursuant to 21 U.S.C. § 851 notifying the defendant that he would be subject to increased penalties as provided by 21 U.S.C. §§ 841(a)(1) and 851 based on 6 prior felony drug convictions.[2]

Pursuant to a written Plea Agreement (ECF No. 49), the defendant pleaded guilty to Count 5 of the Indictment which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  He also pleaded guilty to Count 6 which charged him with possession of a firearm during and in relation to, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

A Presentence Report (PSR) (ECF No. 66) was prepared which determined that the defendant was an Armed Career Criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(c)(2), and that the defendant was also a Career Offender under 18 U.S.C. § 924(c) and U.S.S.G. § 4B1.1(c)(2).

The defendant's total offense level was 30 and his criminal history category was VI. This yielded a Guideline sentencing range of 262 to 327 months.  This court sentenced the defendant to a total of 262 months incarceration, consisting of 202 months on Count 5, and

---

[2] Those convictions listed in the Information include the following: (1) Possession with the intent to distribute in proximity, Docket No. 00-GS-32-04667, offense date 08-05-2000, sentencing date 06-12-2002; (2) Possession with the intent to distribute marijuana, 1st, Docket No. 01-GS-32-1782, offense date 11-14-2000, sentencing date 06-12-2002; (3) Possession with the intent to distribute marijuana, 1st, Docket No. 02-GS-32-3880, offense date 07-18-2002, sentencing date 03-13-2003; (4) Distribution of cocaine within proximity of school, Docket No. 03-GS-32-00738, offense date 11-06-2002, sentencing date 01-31-2006; (5) Possession with the intent to distribute cocaine, Docket No. 03-GS-32-00737, offense date 11-06-2002, sentencing date 01-31-2006; and (6) Possession with the intent to distribute cocaine 1st, Docket No. 07-GS-40-12981, offense date 12-15-2006, sentencing date 06-13-2007.

60 months on Count 6, with the terms running consecutive as required by statute.

## *Motion for Compassionate Release*

As indicated above, the defendant does not base his compassionate release motion upon medical conditions in general or the ongoing COVID-19 pandemic. Rather, he contends that, if sentenced today, his sentence would be substantially different because of intervening changes in sentencing law. Specifically, he relies upon the Fourth Circuit Appeals decision in *United States v. Hope*, 28 F.4th 487 (4th Cir. 2022).

With commendable candor, the government concedes that the *Hope* decision is applicable to the defendant's Armed Career Criminal conviction under 18 U.S.C. § 924(e). The government points out, however, that even with the Armed Career Criminal statutory provision removed, the defendant's sentence remains the same. In taking this position, the government is correct.

Under *Hope*, *supra,* the defendant's prior felony drug convictions would not be considered serious drug felonies under § 401 of the First Step Act. Thus, if sentenced today, the defendant would not be deemed an Armed Career Criminal. Because of this, the defendant's maximum sentence for violating 18 U.S.C. § 922(g)(1) would be 10 years, with an additional 5 years for violating 18 U.S.C. § 924(c).

Section 4B1.1 of the Sentencing Guidelines directs that career offenders be sentenced at enhanced offense levels and at criminal history category VI. A defendant is a career offender if he or she was at least 18 years old when the instant offense was committed; the

instant offense is a felony and is either a crime of violence or a drug offense; and he or she has at least 2 prior felony convictions for crimes of violence or controlled substance offenses. See U.S.S.G. § 4B1.1.

At the time of this offense, the defendant was over the age of 18. His conviction for violating 18 U.S.C. § 924(c) is considered a crime of violence. He had previously been convicted of at least 2 prior felony controlled substance offenses, to wit: possession with the intent to distribute marijuana within proximity to a school (ECF No. 66 at ¶ 65); possession with the intent to distribute marijuana within proximity to a school (*Id.* at ¶ 66); possession with the intent to distribute marijuana within proximity to a school (*Id.* at ¶ 67); distribution of cocaine within proximity of a school (*Id*. at ¶ 68); possession with intent to distribute cocaine within proximity to a school (*Id*. at ¶ 68); and possession with intent to distribute cocaine, 1st (*Id*. at ¶ 74).

As noted above, even with the Armed Career Criminal statutory provision removed, the fact remains that the defendant was also classified as a Career Offender under U.S.S.G. § 4B1.1. As the government notes, the defendant in this case does not challenge his Career Offender status under the Guidelines.

Under U.S.S.G. § 4B.1(c)(2)(B), the Guideline range for the defendant with a 3-level reduction for acceptance of responsibility would be 262 to 327 months. This court sentenced the defendant to 262 months. Thus, neither the First Step Act nor the *Hope* decision affect the defendant's Guideline in this case.

The defendant also references his lack of disciplinary infractions and the 13 educational/vocational courses he has taken while incarcerated. The defendant's efforts are commendable, but, as noted earlier in this order, rehabilitation alone is not a ground for compassionate release.

## CONCLUSION

After carefully considering the applicable law, the arguments of the parties, and the record before it, the court has conducted an individualized analysis and concludes that the defendant has not met his burden of establishing that he has an extraordinary and compelling reason such that he is eligible for release under § 3582(c)(l)(A). As the court finds no extraordinary and compelling reason, it is not necessary for the court to address the § 3553(a) factors. Accordingly, the defendant's motion for appointment of counsel and compassionate release (ECF No. 130) are respectfully denied.

IT IS SO ORDERED.

August 30, 2022                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge